## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2014-KA-00109-COA

**DERRICK COURSE A/K/A DERRICK J. COURSE**                                             **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                                          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/18/2013 |
| TRIAL JUDGE: | HON. JEFF WEILL SR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES ERIN ELIZABETH PRIDGEN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LISA L. BLOUNT |
| DISTRICT ATTORNEY: | ROBERT SHULER SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF ARMED ROBBERY AND SENTENCED TO THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS |
| DISPOSITION: | AFFIRMED: 11/10/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., BARNES AND JAMES, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     Derrick Course was convicted of armed robbery, in violation of Mississippi Code

Annotated section 97-3-79 (Rev. 2014).  Course argues that the trial court committed error

when it denied his motion to suppress.  We find no error and affirm.

### FACTS

¶2.     In December 2011, Clell McCurdy was in his dorm room on the campus of Jackson

State University. With his door ajar, he noticed two men walk down the hall past his door, then turn and come into his room. McCurdy did not recognize either of the men.

¶3. Once in the dorm room, one of the men began to search through McCurdy's belongings while the other man stood by the door. The latter instructed McCurdy: "Calm down. Don't say anything. Don't holler or I'll shoot." The man kept his hand in his pocket the entire time as if holding a gun, though McCurdy never saw one.

¶4. When the men left, McCurdy contacted campus police. Once the officers arrived, McCurdy gave a description of the men – both had dread locks and one was tall with a dark complexion while the other was short with a lighter complexion.

¶5. On December 9, Course and Reginald Jackson were arrested in a dorm room on the Jackson State University campus. Officers suspected Course and Reginald of committing a separate armed robbery on campus. The suspects were both photographed at the campus police department, and McCurdy was contacted.

¶6. Once at the station, McCurdy viewed two photographs, one of Course and one of Jackson. McCurdy identified Course as the shorter man with light skin and Jackson as the taller man with dark skin. Officers did not show McCurdy any other photos.

¶7. Days later, in the process of reviewing surveillance footage, an officer realized that the video showed a suspect other than Jackson. McCurdy viewed the tape and identified the man on the tape as Frederick Smith rather than Reginald Jackson. His identification of Course remained the same.

¶8. Before trial, Course requested that McCurdy's pretrial identification of Course be

suppressed.  The trial court denied this motion.  Course was convicted and now appeals.

## ANALYSIS

¶9.    Course only challenges the trial court's decision to not suppress the pretrial identification.  He argues that the out-of-court identification process was unnecessarily suggestive and conducive to an irreparable mistaken identification.

¶10.    The supreme court has reviewed identification procedures as follows:

> The standard of review for suppression hearing findings in pretrial identification cases is whether or not substantial credible evidence supports the trial court's findings that, considering the totality of the circumstances, in-court identification testimony was not impermissibly tainted.  This Court will not disturb a lower court's decision on the suppression of evidence unless there is an absence of substantial credible evidence supporting it. For an identification (made out of court or in court) to be excluded, it must be the result of an impermissibly suggestive lineup[,] and the identification must be unreliable.

*Butler v. State*, 102 So. 3d 260, 264 (¶8) (Miss. 2012) (internal citations and quotation marks omitted).

¶11.    "A lineup or series of photographs is impermissibly suggestive if 'the accused, when compared with the others, is conspicuously singled out in some manner from the others, either from appearance or statements by an officer[.]'" *Id.* at (¶9) (citation omitted). "Where the defendant is 'the only one depicted with a distinctive feature,' courts usually will find the lineup to be impermissibly suggestive." *Id.* at 265 (¶10) (citation omitted). "Pretrial identifications which are suggestive, without necessity for conducting them in such a manner, are proscribed." *York v. State*, 413 So. 2d 1372, 1383 (Miss. 1982).

¶12.    Course's photograph was one of two photographs shown to McCurdy on December

9. The previous day, McCurdy was robbed by two individuals matching the description of the two men in the photographs.

¶13. McCurdy initially described his assailants as two men, one dark complected and the other light complected with dread locks. This description matched those of Course and Jackson, whose photographs were shown to McCurdy. Officers made no effort to set up a proper photo lineup to prevent false identifications. Instead, McCurdy was only shown the photos of the men suspected of committing the crime. This procedure did in fact result in the false identification of Reginald Jackson as one of the men who robbed McCurdy on December 8.

¶14. We have previously stated that identifications based on a single photograph are suggestive. *Anderson v. State*, 25 So. 3d 1074, 1078 (¶15) (Miss. Ct. App. 2009) (where the victim was first shown a single polaroid photo of the defendant before viewing a photo lineup, the single photograph resulted in the latter identification being suggestive). Essentially, McCurdy was shown one photograph for each man who robbed him. The pretrial identification of Course was unnecessarily suggestive.

¶15. "An unnecessarily suggestive pretrial identification is not automatically excluded; rather, 'evidence of a suggestive out-of-court identification will be admissible if, from a totality of the circumstances, the identification was reliable.'" *Butler*, 102 So. 3d at 266 (¶14). The reliability of an out-of-court identification is determined by five factors: (1) the opportunity of the witness to view the criminal at the time of the crime, (2) the witness's degree of attention, (3) the accuracy of the witness's prior description of the criminal, (4) the

4

level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation. *Id.* (citing *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972)).

¶16.    McCurdy testified that the robbery in his dorm room took place within the span of "five or more minutes." During this time, he focused on the man at the door, who claimed to have a gun and threatened to shoot McCurdy if he called for help. This man was later identified as Course. According to McCurdy, the assailant claiming to have a gun spoke to him the entire time the two men were robbing him. McCurdy had ample opportunity over the five or more minutes in which the robbery took place to view the criminal. He also paid special attention to the assailant later identified as Course because he was holding his hand in his pocket and threatening to shoot. Thus, the first two factors weigh in favor of reliability.

¶17.    The day of the robbery, McCurdy described the assailant, later identified as Course, as light complected with dread locks. He testified later in the trial that he told police that the assailant was shorter than his accomplice and had a flat face. Indeed, it was this description that motivated officers to contact McCurdy on December 9 in an effort to identify the individuals. Because of the accuracy of McCurdy's description, this factor weighs in favor of reliability.

¶18.    Furthermore, McCurdy was positive of his identification three separate times. First, on December 9, 2011, McCurdy initially identified Course. Second, on December 13, 2011, after McCurdy viewed the surveillance video, he identified Course. Third, on June 12, 2013,

he identified Course when he testified at trial. McCurdy also testified at the motion-to-suppress hearing that he had no doubts about his positive identification of Course. McCurdy demonstrated certainty in his identification. Therefore, this factor weighs in favor of reliability.

¶19. McCurdy was robbed on December 8 and called in to identify two suspects on December 9. No more than one day passed between the time of the crime and the time of the identification. Course argues that this granted officers ample time to prepare a proper photo array for the identification process. This is irrelevant to the question of reliability. Rather, McCurdy's ability to remember in reference to the amount of time that passed is the relevant question. Only one day passed between the robbery and the identification of Course; this factor weighs in favor of reliability.

¶20. We find that McCurdy's out-of-court identification of Course was admissible. Even though the identification methods used by officers were suggestive, the pretrial identification was reliable. Substantial credible evidence exists in support of the trial court's finding. Thus, we affirm the trial court's denial of Course's pretrial motion to suppress.

¶21. **THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.**

      **LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, MAXWELL, FAIR, JAMES AND WILSON, JJ., CONCUR.**